Vega et al., Demandantes y Apelantes, *v.* Rodríguez et al., Demandados y Apelados.

Apelación procedente de la Corte de Distrito de Arecibo.

Moción para desestimar la apelación.

No. ——.—Resuelto en octubre 10, 1913.

Desestimación de Apelación—Regla 59 de esta Corte—Circunstancias que Deben Existir.—Para que esta corte pueda desestimar una apelación de acuerdo con la regla 59, no basta el mero transcurso de 90 días desde la interposición del recurso sin que se haya radicado la transcripción de autos en esta corte, sino que debe probarse además que la apelación no se ha proseguido con la debida diligencia, o de buena fe, o que es frívola.

Id.—Diligencia del Apelante—Enmiendas a la Exposición del Caso.—Cuando, como en el caso de autos, la corte inferior ordena que se hagan ciertas enmiendas a la exposición del caso, sin fijar término para presentar la exposición del caso enmendada, el hecho de que haya transcurrido mucho tiempo sin que la parte apelante hiciera las enmiendas ordenadas, no es suficiente por sí solo para desestimar una apelación por falta de diligencia del apelante.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Juan de Guzmán Benítez.*

Abogado de los apelados: *Sr. José Martínez Dávila.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

La parte apelada en este caso solicita que desestimemos la apelación de acuerdo con la regla 59 de las de esta corte según la cual, a pesar de las prórrogas que pueda haber concedido el tribunal *a quo* podemos discrecionalmente desestimar la apelación cuando transcurran más de noventa días desde la interposición del recurso sin presentarse los autos de la apelación en la secretaría de esta corte, si se probare satisfactoriamente que la apelación no ha sido proseguida con la diligencia debida o de buena fe, o que es frívola. Para que podamos desestimar la apelación de acuerdo con esta regla, no basta el mero transcurso de los noventa días sino que debe probarse además que concurre alguna de las otras circunstancias que en ella se mencionan; y como en este caso tal prueba no nos ha sido presentada, no debemos acceder a lo solicitado.

Es cierto que la parte apelada trata de deducir la falta de diligencia de la apelante del hecho de que habiendo ordenado la corte inferior que hiciera enmiendas en el pliego de exposición del caso que presentó a su aprobación para utilizarla en la apelación, ha transcurrido mucho tiempo sin que hiciera las enmiendas ordenadas; pero como la orden de la corte no le fijó término para presentar el nuevo pliego enmendado, no podemos aceptar que en tales condiciones haya sido negligente la parte apelante, y si la falta de fijación de término demoraba la tramitación de la preparación del recurso, debió la parte apelada solicitar de dicho tribunal que señalara un término al apelante. Antes de hacer uso del poder discrecional que para desestimar una apelación se establece en esa regla, habremos de estar satisfechos de la falta de diligencia del apelante, y en este caso no lo estamos. La moción debe ser desestimada.

*Denegada la moción.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.